# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA

v.

__Robert Simpson__
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: __12-20039__

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

__2/6/12__
Date

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 _et seq._); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 _et seq._); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

12-20039   USA vs. Robert Simpson

Defendant is charged by way of indictment with failing to register as a sex offender. The government argues that Defendant has previously registered under a fictitious name, has used several aliases, and has deliberately gone to great lengths NOT to be identified by his real name, Robert Simpson. Defendant is currently being supervised on probation by Erin Dungee in Jackson, MI, following a conviction of assault.

Defendant is 68 years old, claimed at his hearing in court today to be employed part time by Otto's Used Cars, but also gave information to Pretrial Services that he is currently retired and unemployed. None of the employment history given to Pretrial Services was specific enough to be independently verifiable and Defendant was unable to provide any contact information for any family members who might be able to verify his information. Defendant has no assets and reported to Pretrial Services that he has no financial income whatsoever.

Defendant has no stable residence. At the time of his arrest he had been living at the Kibby address in Jackson, Michigan for two weeks. Defendant's landlord states that he will not let him return to that address because he does not want his property associated with the sex offender registry. Defendant has no familial ties to the Eastern District of Michigan, although he does have a daughter who resides in Jackson, Michigan with a two year old child. However that daughter has stated affirmatively that Defendant is not welcome in her home and that she will not allow her father to live with her and her child under any circumstances.

Defendant has a violent 48 year long criminal history. His military history (1968 - 1969) is marred with charges of assault, insubordination, and being AWOL. He was charged with driving his minor daughter to a hotel in 1987 and sexually assaulting and raping her. In 1987 he became a fugitive from justice, and was not found and arrested until 2002. At that time he entered into a plea arrangement and was placed on probation for 6 years. He then became an absconder from probation in 2003 and was arrested in 2004 in Wisconsin. He was sentenced to 5 years prison in Wisconsin, and was released in 2006 by the United States BOP. In December 2006 he again absconded after moving to Jackson, Michigan. In 2008 he was arrested in Jackson, MI. On May 21, 2010 while an inmate in the Wisconsin Department of Corrections, he signed a Sex Offender Document, which obligated him to register as a sex offender for the remainder of his life. On July 21, 2010 he was released from the Wisconsin Department of Corrections and moved to Jackson, Michigan. In May 2011 he was arrested for assaulting two Jackson Police Officers and was convicted of misdemeanor assault and sentenced to probation. His supervising officer is Erin

Dungee, who has confirmed that Defendant has been registering as a sex offender under a fictitious alias name, Orlando DeHaven, and has never registered under his real name, Robert Simpson. On November 11, 2011, Defendant admitted to Dungee that he is in fact Robert Simpson, and is not Orlando Dungee, the name he has used to register. Defendant admits to lying about his identification, admits to having four drivers' licenses with three different addresses, having multiple Social Security cards with different social security numbers, using three different dates of birth and two aliases.

Over the years Defendant has also been charged with cruelty to animals, aggravated assault, theft, abandonment of a child, felony larceny over $100, felony abduction, domestic violence, first degree sexual assault, 2nd degree sexual assault with use of force, and felony obstruction police.

The Pretrial Services report concludes that Defendant poses a risk of nonappearance based upon his frequent residence changes, his lengthy criminal history, his lying to his probation officer, his criminal activity while under community supervision, his lack of residency, his supervision failures, as well as the inconsistencies between the information provided to Pretrial Services and the 4th Circuit Court Probation Department.  This Court also notes that there were glaring inconsistencies between the information provided by Defendant to Pretrial Services and the information Defendant gave at his detention hearing.

Pretrial Services also concludes that Defendant poses a risk of danger to the community based upon his 48 year criminal history which includes arrests for violence and sexual assaults against children and women, and the nature of the instant offense.

The Court agrees with the conclusions of Pretrial Services and finds that Defendant poses both a risk of flight (by a preponderance of the evidence) and a danger to the community (by clear and convincing evidence), and that there is no condition or combination of conditions that would assure Defendant's appearance or the safety of the community.  Therefore Detention is Ordered.